UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**EDDIE MARTIN**                                                                                      **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 5:15CV-P232-TBR**

**KENTUCKY STATE PENITENTIARY**                                                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Unrepresented by counsel, Plaintiff Eddie Martin repeatedly has failed to comply with orders of the Court. For the reasons that follow, the action will be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I. PROCEDURAL HISTORY

Plaintiff sent a letter to this Court alleging problems he was having at the Kentucky State Penitentiary (KSP) and asserting that his rights were being violated (DN 1). He reported that he had been in the "hole" at KSP for two months without a write-up and wanted to go to protective custody instead.[1] The letter was assigned the instant case number. By Order entered November 18, 2015 (DN 3), the Court construed the letter as a civil-rights complaint brought pursuant to 42 U.S.C. § 1983 and directed that within 30 days, Plaintiff must (1) refile his complaint on a Court-supplied § 1983 form; (2) either pay the $400.00 filing fee or file an application to proceed without prepayment of fees and affidavit along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint; and (3) complete a summons form for each Defendant named in the complaint. The Court warned Plaintiff that his failure to comply within the time allotted would result in dismissal of the action

---

[1] To the letter, Plaintiff attached a "Detention Order" dated August 27, 2015, which indicated that Plaintiff "is being detained for the following reasons: On 8-27-15 at approximately 3:25pm [Plaintiff] was placed in Administrative Segregation due to fearing for his safety. This detention is necessary for the safety of staff and Inmates as well as the safe and secure operation of this institution."

for failure to prosecute and for failure to comply with an Order of this Court. Plaintiff did not comply.

Instead, Plaintiff sent another letter (DN 4) to the Court reporting that Randy White and LaDonna Thompson were refusing to let him go to protective custody. Further, Plaintiff stated, "All so sir I dont no how to file a 1983 form and they will not let me have any help but if you will have them to put me in to protected costudy I will be able to go to the Law Library and get help from the Legal Aid." In response to Plaintiff's second letter, the Court, by Order entered December 22, 2015 (DN 5), advised as follows:

> Plaintiff is entitled to access to the courts, *see Bounds v. Smith*, 430 U.S. 817 (1977), but he is not automatically entitled to a law library or a legal aide. Rather, he "must go one step further and demonstrate" that the presentation of claims are currently being prevented by his denied access to the law library and/or legal aide. *See Lewis v. Casey*, 518 U.S. 343, 351, 356 (1996). Plaintiff does not make this showing at this time.
>
> First, Plaintiff does not indicate who is allegedly denying him access to the law library and/or legal aide. Second, he has not shown that he is being prevented from presenting his claims regarding conditions at KSP. While he claims that he does not know how "to file a 1983 form," he was twice able write his factual allegations on his own paper and send them to the Court. The Court sees no reason why Plaintiff cannot fill out the § 1983 form on his own. He simply needs to write his facts on the appropriate section of the § 1983 complaint form (III. STATEMENT OF CLAIM(S), pp. 4-5), instead of writing them on his own paper. Plaintiff does not need to cite to case law in filling out the complaint. He must only state the facts of his case. Neither a law library nor a legal aide is necessary for Plaintiff to state the facts, which he has already done on two occasions on his own paper. Each of the five sections of the complaint form, contains clear directions on what a plaintiff is to write in those sections. **To further assist the unrepresented Plaintiff in the completion of his § 1983 form, the Court DIRECTS the Clerk of Court to send Plaintiff the instructions for filing a § 1983 form and a *Pro Se* Prisoner Handbook**. The instructions and Handbook additionally provide guidance on how to complete the application to proceed without prepayment of fees and summons forms. Along with the application to proceed without prepayment of fees, Plaintiff must submit a certified copy of his prison trust account statement, which he must obtain from the designated prison official at KSP.

The Court then directed Plaintiff again to (1) refile his complaint on a Court-supplied § 1983 form; (2) either pay the $400.00 filing fee or file an application to proceed without prepayment of fees and affidavit along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint; and (3) complete a summons form for each Defendant named in the complaint. The Court also again warned Plaintiff that his failure to comply with the Order within 30 days would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. Plaintiff again did not comply.

Outside of the 30-day response period, however, Plaintiff filed a third letter (DN 6). On review of the letter, it appeared that Plaintiff may not have received the Court's second Order as he makes no mention of it and advises that he has been transferred to the Green River Correctional Complex (GRCC). He reports that due to conflicts at GRCC and the denial of protective custody there, he had to make a knife to protect himself. By Order entered February 9, 2016 (DN 7), the Court stated:

> This Court cannot get involved in a legal dispute until and unless an action is properly filed here. While the Court liberally construed Plaintiff's first letter as a § 1983 civil-rights complaint, it cannot do anything else regarding this matter unless Plaintiff either pays the $400.00 filing fee in full or files an application to proceed without prepayment of fees. Further, because Plaintiff does not specifically identify any individuals as Defendants, including those persons involved in the alleged wrongdoing at GRCC, or provide details as to which Defendant purportedly did what and when, Plaintiff fails to meet the pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure. The Court, however, will provide Plaintiff with **one final opportunity** to cure deficiencies in the filing of the complaint before dismissing the action.

The Court then directed Plaintiff to cure the deficiencies within 30 days from the entry date of that Order. Plaintiff still did not comply.

3

Review of the record, however, revealed that on February 22, 2016 (DN 8), the U.S. Postal Service returned to the Court the copy of the February 9, 2016, Order sent to Plaintiff. Review of the returned envelope revealed that the Order was sent to Plaintiff at KSP, not GRCC, where he indicated he had been transferred in his third letter to the Court. Because it had recently come to the Court's attention that Plaintiff may have been transferred back to KSP, the Court, by Order entered July 26, 2016 (DN 9), provided Plaintiff with yet another opportunity to correct the deficiencies in the filing of this action and directed the Clerk of Court to send the Order, forms, and another *Pro Se* Prisoner Handbook to both KSP and GRCC. The Court again "**WARNED [Plaintiff] that his failure to comply with this Order within 30 days will result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court**" (emphasis in Order). Plaintiff again failed to comply.

Instead, Plaintiff filed a fourth letter, which was received by the Court on August 18, 2016 (DN 10). Therein, he claims that he has no way of going to a legal office as he has "no Hole Time once again" and that he "can not do this 1983 Form by my self." He also claims that he wants to be placed in protected custody because he has "a Hit" on him at KSP by a couple of inmates. He alleges that one of the KSP inmates "was making me pay money and making me keep a knife in my cell and a shooting needle because he said he would keep people off of me because I was a rat and a PC punk." Plaintiff reports asking for "PC" and letting a lieutenant know what was going on and where the contraband was. Sometime thereafter, claims Plaintiff, another inmate "came out of his cell with a knife and was going to stab me but this other guy [] jump in it because I'm 51 years old." Plaintiff reports having written the Governor and the President about this matter and having sent "Frank Fort a peace of photo graph where a Inmate busted my Head open." He asks the Court to "Help Me Please Be For I get Hurt or Killed."

Shortly thereafter, on August 26, 2016, the Court received a fifth letter (DN 11) from Plaintiff again seeking protected custody and alleging that his life is in danger. To the letter, he attaches two disciplinary report forms, each charging him with one count of "6-04-Possession or promoting of dangerous contraband," based on a KSP sergeant finding in Plaintiff's cell the weapon and syringe Plaintiff mentioned in his prior letter to the Court. He also attaches his appeal to the Warden. Plaintiff complains that he is housed on the same walk as one inmate who wants to harm him and in the same cell house with another inmate who wants to harm him, but that he continues to be denied protected custody. Plaintiff states, "I'm going to end up hurt or dead or I will end up haveing to hurt or kill some one."

## II. ANALYSIS

Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). "'Prior notice, or the lack thereof, is . . . a key consideration' in

determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Here, in each Order directing Plaintiff to correct deficiencies in the filing of this action, the Court warned Plaintiff that his failure to comply would result in dismissal of this action. In allowing Plaintiff multiple opportunities to correct the deficiencies, the Court has been extremely lenient with Plaintiff. Plaintiff claims that he cannot fill out a § 1983 complaint form by himself. Yet, he has been able to continue to write his allegations down on his own paper and send them in the form of letters directed to the undersigned, and he fails to show how he is in a different position than any other *pro se* prisoner who files an action in this Court. In addition, the Court has provided Plaintiff guidance in its Orders on how to complete the § 1983 form and has directed the Clerk to send him Instructions for Filing a Civil Rights Complaint under 42 U.S.C. § 1983 and a *Pro Se* Prisoner Handbook. While Plaintiff has provided facts to this Court, by not completing the § 1983 form, which contains spaces for naming as defendants those persons a plaintiff seeks to sue, Plaintiff has failed to name anyone as a Defendant in his letters. Plaintiff additionally has repeatedly failed either to pay the filing fee or file an application to proceed without prepayment of fees for the filing of this action. Even a properly filed complaint cannot be reviewed without payment of the filing fee or a determination that a plaintiff can proceed *in forma pauperis*. Finally, after giving Plaintiff multiple opportunities to cure the deficiencies and his repeated failure to comply, the Court has no confidence that sanctions short of dismissal would be of any use here.

For these reasons, the Court concludes that dismissal is warranted for Plaintiff's failure to prosecute and for his failure to comply with the Court's Orders. A separate Order of dismissal will be entered.

Despite having to dismiss this action due to Plaintiff's failure to prosecute, the Court is troubled by Plaintiff's allegations. **Given the Court's concern, the Clerk of Court is DIRECTED to send a copy of this Memorandum Opinion and Order and separate Order of dismissal entered this date to the Warden of KSP and to the Commissioner of the Kentucky Department of Corrections**.

Nothing in this Memorandum Opinion and Order precludes Plaintiff from initiating a new action by filing a complaint on a § 1983 form and either paying the filing fee or filing an application to proceed without prepayment of fees.

Date:

cc: Plaintiff, *pro se*
      Warden Randy White, Kentucky State Penitentiary, 266 Water Street, Eddyville, Kentucky 42038
      Commissioner Rodney Ballard, Department of Corrections, Health Services Building,
         275 East Main Street, P.O. Box 2400, Frankfort, KY 40602-2400
4413.005